UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARY (LISCANO) ARENAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:01-CV-00399 |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Mary (Liscano) Arenas brought this suit to contest a denial of disability benefits on August 16, 2000, by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.)  On August 12, 2002, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 20.) Ultimately, the ALJ issued a fully favorable decision to Arenas and awarded her a significant amount in past-due benefits. (*See* Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Mem. in Supp. of Atty's Fees") at 2.)

As a result, Arenas's attorney, Joseph W. Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $21,430 for his representation of Arenas in federal court. (Docket # 30.)  The Commissioner, however, objects to the amount of Shull's fee, arguing that it constitutes a "windfall" to Shull. (Def.'s Resp. to Pl.'s Mot. for Att'y Fees Pursuant to 42 U.S.C. § 406(b) at 4.)

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security, and thus he is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

For the reasons set forth herein, however, Shull's motion for authorization of attorney fees will be GRANTED.

### A. *Relevant Factual and Procedural Background*

On October 17, 2000, Shull and Arenas entered into a contingent-fee agreement for Shull's representation of Arenas in federal court.[2] (Mem. in Supp. of Atty's Fees at Ex. B.) Under the agreement, Arenas agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (*Id.*)

On August 12, 2002, after Shull had spent 43.65 hours advocating his claim in federal court, Arenas received a favorable judgment from this Court, and his case was remanded to the Commissioner for further proceedings. (Docket # 20.) Shull then filed for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and was awarded $6,241.95 in EAJA fees. (Docket # 29.)

Ultimately, the Social Security Administration issued Arenas a fully favorable decision and consequently awarded her and her family $106,920 in past-due benefits.[3] (Pl.'s Resp. to Ct. Order of Apr. 24, 2007.) The Commissioner also awarded Shull $5,300 in attorney fees for his representation of Arenas during the administrative proceedings. (*Id.*)

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] Shull explains that "the actual amount of back benefits is often hard to determine based upon various [Social Security Administration] notices including the Notice of Award because rarely is the total amount of back benefits set forth succinctly in one aggregate sum. Furthermore, the various notices often produce conflicting results which has occurred in the instant case." (Pl.'s Resp. at 1.) Shull conservatively calculated Arenas's past-due benefits to be $106,920 based on one notice he received from the Social Security Administration, though a different notice from the Administration computes the past-due benefits to be $118,837.60. (Pl.'s Resp. at 1-2.) Shull used the lesser of the two numbers for purposes of calculating his contingent fee, (Pl.'s Resp. at 1-2), and consequently the Court will do the same. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

On March 14, 2007, Shull filed the instant motion, seeking the Court's authorization of a payment of $21,430 in attorney fees from Arenas to Shull pursuant to the contingent-fee agreement. (Docket # 30.)

## B.  Legal Standard

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96.  Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796.  Unlike fees obtained under the EAJA,[4] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95.  There are, however, limits on the amount that can be awarded by the Commissioner pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[5] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.  The combination of fees awarded under § 406(a) and § 406(b), however, can never

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003).  Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809.  The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807 (internal citations and footnotes omitted).

### C.  Discussion

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $21,430 pursuant to his contingent-fee agreement for his representation of Arenas in federal court.  Thus, the Court is charged with determining whether Shull's requested fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Arenas's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating his requested fee, Shull starts with $26,730, which is twenty-five percent of $106,920, the amount he conservatively calculated to be Arenas's past-due benefits award. (*See* Mem. in Supp. of Att'y Fees at 2; Pl.'s Resp. at 1-2.)  He then subtracts $5,300, the attorney fee he received from the Commissioner for representation during the administrative proceedings, arriving at a requested fee of $21,430, which, when divided by the 43.65 hours he spent on the case in federal court, equates to a rate of $491 per hour.[6] (*Id*. at 10.)  Shull asserts that his requested fee is reasonable considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; and (3) he provided Arenas with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (Mem. in Supp. of Att'y Fees at 10-11, Ex. C.)

The Court is persuaded by Shull's argument in support of his fee.  Indeed, the requested amount of $21,430 when added to $5,300, the amount awarded by the Commissioner for representation during the administrative proceedings, is less than twenty-five percent of Arenas's past-due benefit award.  Thus, Shull's request is in accordance with § 406 and the contingent-fee agreement between Shull and Arenas.

Furthermore, a rate of $491 per hour is reasonable for a contingent-fee recovery in this instance.[7]  Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004).

[7] Shull at one point in his supporting brief makes an unconvincing calculation of an "effective rate" of $348 per hour. (*See* Mem. in Supp. of Att'y Fees at 10.)  To explain, Shull subtracts the $5,300 in EAJA recovery *before* calculating his "effective rate," arriving at the hourly rate of $348.  However, as discussed *supra*, the lesser of the

5

representing social security claimants, in which Jackson states that "a fee of $250-$275/hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Aff. of Steven L. Jackson ¶ 8.)  Indeed, considering that a contingent fee involves a substantial risk of loss, a contingent fee with an "effective rate" twice that of a non-contingent fee does not appear unreasonable.[8] *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

Moreover, Shull obtained a significant result for Arenas and undoubtedly provided her with quality representation.  This Court is well aware of Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Mem. in Supp. of Att'y Fees at Ex. C (describing in detail Shull's professional experience in the area of social security law).)

Therefore, Shull's requested fee of $21,430 under § 406(b) will be authorized by this Court, acknowledging that the $6,241.95 in EAJA fees already received by Shull must be credited back to Arenas.  Therefore, the remaining fee payable to Shull by Arenas is, in effect,

---

amount of attorney fees awarded under § 406(b) and the EAJA must be refunded to the claimant, as the fee awards under each statute are derived from the same 43.65 hours of legal work.  Thus, the amount of Shull's EAJA recovery should not be included in his "effective rate" computation, as it simply constitutes the "lesser" of the two fees to be refunded to Arenas.

[8] The Commissioner contends that such an hourly rate is unreasonable and would constitute a windfall.  On other occasions, however, Shull sought and was awarded an even higher hourly rate under § 406(b), all without objection by the Commissioner. *See Keck v. Social Sec. Admin.*, No. 1:04-cv-455 (N.D. Ind. Apr. 23, 2007) (awarding a fee equating to $546 per hour); *Brown v. Social Sec. Admin.*, No. 1:03-cv-160 (N.D. Ind. Jan. 19, 2007) (awarding a fee equating to $578 per hour).  In short, in none of these instances, including here, was the awarded hourly rate unreasonable.

$15,188.05.

## *D.  Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 30) in the amount of $21,430 is GRANTED, except that the $6,241.95 in EAJA fees already received by Shull must be credited back to Arenas.  Therefore, the remaining fee payable to Shull by Arenas is, in effect, $15,188.05.

SO ORDERED.

Enter for this 2nd day of May, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
